**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Northern District of Texas
(State)

Case number (*If known*): ______ Chapter 11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/22

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

**1. Debtor's name** — **BUCA Restaurants, Inc.**

**2. All other names debtor used in the last 8 years**

Include any assumed names, trade names, and *doing business as* names

**3. Debtor's federal Employer Identification Number** (EIN) — **41-1889725**

**4. Debtor's address**

**Principal place of business**

**4700 Millenia Boulevard, Suite 400**
Number Street

**Orlando, FL 32839**
City State ZIP Code

**Orange**
County

**Mailing address, if different from principal place of business**

Number Street

P.O. Box

City State ZIP Code

**Location of principal assets, if different from principal place of business**

Number Street

City State ZIP Code

**5. Debtor's website** (URL) — **https://www.bucadibeppo.com/**

Debtor BUCA Restaurants, Inc. Case Number *(if known)* ______________

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: ______________

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

**722511**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply*:

- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).
- ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
- ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
- ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
- ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes. District__________ When__________ (MM / DD / YYYY) Case number __________
District__________ When__________ (MM / DD / YYYY) Case number __________

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes. Debtor **See Schedule 1** Relationship ____________

District ____________ When ____________ MM / DD / YYYY

Case number, if known ____________

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? ____________

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other ____________

**Where is the property?** ____________

Number Street

____________

City State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency ____________

Contact name ____________

Phone ____________

## Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☒ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

Debtor «Debtors_Name» Case Number *(if known)* ___________________________

**15. Estimated assets**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☒ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☒ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 08/04/2024
MM / DD / YYYY

✘ /s/ William Snyder
Signature of authorized representative of debtor

**William Snyder**
Printed name

Title **Chief Restructuring Officer**

**18. Signature of attorney**

✘ /s/ Amber M. Carson
Signature of attorney for debtor

Date **8/4/2024**
MM / DD / YYYY

**Amber M. Carson**
Printed name

**Gray Reed**
Firm name

**1601 Elm Street, Suite 4600**
Number Street

**Dallas, TX 75201**
City State ZIP Code

**(469) 320-6199**
Contact phone

**acarson@grayreed.com**
Email address

**Texas Bar No. 24075610**
Bar number

**Texas**
State

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Northern District of Texas
(State)

Case number (*If known*): ____________ Chapter 11

☐ Check if this is an amended filing

## Schedule 1

## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United Bankruptcy Court for the Northern District of Texas for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of BUCA Texas Restaurants, L.P.

BUCA (Celebration), LLC
BUCA (Ex), LLC
BUCA (Minneapolis), Inc.
BUCA C, LLC
BUCA Investments, Inc.
BUCA Restaurants 2, Inc.
BUCA Restaurants, Inc.
BUCA Sales & Marketing, LLC
BUCA Texas Beverage, Inc.
BUCA Texas Restaurants, L.P.

# UNANIMOUS OMNIBUS WRITTEN CONSENT OF THE BOARDS, GENERAL PARTNER, MANAGERS AND MEMBERS OF BUCA C, LLC AND CERTAIN OF ITS SUBSIDIARIES

**August 4, 2024**

The undersigned, being all of the boards of directors, general partners, managers and/or members, as applicable (each, a "Board," and collectively, the "Boards") of each of the entities listed on **Exhibit A** hereto (collectively, the "Company") seek to consent to, adopt, and approve the following resolutions and the actions described herein with respect to the Company by written consent (this "Unanimous Written Consent"), which shall have the same force and effect as if adopted by unanimous vote at a meeting of the Board of each Company.

WHEREAS, pursuant to applicable state law and each of the Company's Bylaws (as may have been amended or amended and restated), Limited Partnership Agreements (as may have been amended or amended and restated), or Limited Liability Company Agreements (as may have been amended, or amended and restated), as applicable, the Boards are authorized to consent to, adopt and approve the following resolutions and each and every action effected thereby.

## 1. Ratification of Independent Board

NOW, THEREFORE, BE IT RESOLVED, that in the judgment of the Boards it was desirable and in the best interests of the Company that independent managers and directors, as applicable, be engaged and appointed to serve on the Boards;

FURTHER RESOLVED, that Chris Williams and Curt Lindeman were appointed as such independent managers and directors and that such appointments, as applicable, be, and hereby are, ratified and approved in all respects;

## 2. Voluntary Petitions for Relief under Applicable Bankruptcy Law and Seeking Necessary Relief

FURTHER RESOLVED, that, in the good faith exercise of reasonable business judgment of the Boards and with the consent of the Lender Members,[1] it is desirable and in the best interests of the Company, its creditors, stockholders, and other interested parties that the Company shall be and hereby is authorized to file or cause to be filed a voluntary petition for relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

FURTHER RESOLVED, that the Boards, consisting of individual boards of directors, managers, general partner(s), and/or members, and William Snyder (each, an "Authorized Signatory"), be and hereby are authorized, empowered, and directed, to execute, file, or cause to be filed, deliver and verify any and all voluntary petitions and amendments thereto under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"), to cause the same to be filed in a court of

[1] Main Street Capital Corporation and MSC Income Fund, Inc., both members of BUCA C, LLC, a Florida limited liability company (the "Lender Members").

proper jurisdiction (the "Bankruptcy Court"), and to execute and file or cause to be filed with the Bankruptcy Court all petitions, schedules, lists, and other motions, papers or documents, and to take any and all action that they deem necessary or proper to obtain necessary relief;

FURTHER RESOLVED, that William Snyder be and hereby is appointed as the Chief Restructuring Officer of the Company, effective as of July 8, 2024, in accordance with the terms and conditions of that certain engagement letter, dated July 8, 2024, by and between CR3 Partners, LLC and BUCA C, LLC, a Florida limited liability company (as amended, the "Agreement"); and in connection therewith, Mr. Snyder shall report to the Boards and shall have such authority as is provided for in the Agreement and as may be further modified or dictated by the Boards in his capacity as Chief Restructuring Officer or to such other positions as he may hold with the Company;

FURTHER RESOLVED, that the law firm of Gray Reed & McGraw LLP ("Gray Reed") be and hereby is employed as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Signatory, with power of delegation, is hereby authorized and directed to execute appropriate agreements, pay appropriate retainers, and cause to be filed appropriate applications for authority to retain Gray Reed's services;

FURTHER RESOLVED, that CR3 Partners, LLC ("CR3 Partners") be and hereby is employed to provide the Company financial advisory services and otherwise to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Signatory, with power of delegation, is hereby authorized and directed to execute appropriate agreements, pay appropriate retainers, and cause to be filed appropriate applications for authority to retain CR3 Partners services;

FURTHER RESOLVED, that Stout Capital, LLC ("Stout") be and hereby is employed to provide the Company investment banking services and otherwise to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Signatory, with power of delegation, is hereby authorized and directed to execute appropriate agreements, pay appropriate retainers, and cause to be filed appropriate applications for authority to retain Stout's services;

FURTHER RESOLVED, that the Authorized Signatory, and any employees or agents (including counsel) designated by or directed by the Authorized Signatory (each, an "Authorized Designee," and collectively, the "Authorized Designees," and together with the Authorized Signatory, the "Authorized Persons"), be, and each hereby is, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Persons, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and

fees, and cause to be filed appropriate applications for authority to retain the services of any other professionals as necessary;

FURTHER RESOLVED, that the Authorized Persons, are hereby authorized, empowered and directed, to execute and file all petitions, schedules, motions, lists, applications, pleadings and other papers, and to take and perform any and all further acts and deeds which they deem necessary, proper or desirable in connection with the Chapter 11 Cases, with a view to the successful prosecution of such cases;

FURTHER RESOLVED, that, in connection with the commencement of the Chapter 11 Cases, the Authorized Persons are authorized, empowered, and directed to (a) borrow and/or receive funds from and undertake any and all related transactions contemplated thereby, including seeking approval of a debtor in possession financing order in interim and final form (collectively, the "Financing Transactions"); (b) negotiate, execute, and deliver any and all agreements, instruments, or documents, including a debtor in possession financing agreement, with any party, including existing lenders and sureties, on such terms as may be approved by the Authorized Persons as reasonably necessary for the continuing conduct of affairs of the Company and (c) pay related fees and grant security interests in and liens on some, all, or substantially all of the Company's assets, as may be deemed necessary by the Authorized Persons, in connection with such borrowings;

FURTHER RESOLVED, that, in connection with the commencement of the Chapter 11 Cases, the Authorized Persons are authorized, empowered, and directed to seek approval of a cash collateral order in interim and final form ("Cash Collateral Order") and the Authorized Persons be, and each hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of the Company, necessary to implement the Cash Collateral Order, as well as any additional or further agreements for the use of cash collateral in connection with the Company's Chapter 11 Cases, which agreement(s) may require the Company to grant liens to the Company's existing lenders;

## 3. Amendment of BUCA (EX), LLC Operating Agreement

FURTHER RESOLVED, that the sole managing member of BUCA (EX), LLC, a Florida limited liability company ("BUCA (EX)") hereby approves and agrees to amend the Operating Agreement and Regulations of BUCA (EX), dated February 14, 2011, by deleting the word "bankruptcy" from Section 1(c) of Article XVI;

## 4. Amendment of BUCA Sales & Marketing, LLC Operating Regulations

FURTHER RESOLVED, that the managers of BUCA SALES & MARKETING, LLC, a Florida limited liability company ("BUCA Sales & Marketing") hereby approve and agree to amend the Operating Regulations of BUCA Sales & Marketing, dated March 19, 2009, by deleting the word "bankruptcy" from Section 1(c) of Article XVI;

**5. Amendment of BUCA Texas Restaurants, L.P. Partnership Agreement and Waiver of New General Partner**

FURTHER RESOLVED, that the sole general partner and the sole limited partner of BUCA Texas Restaurants, L.P., a Texas limited partnership ("BUCA Texas") hereby approves and agrees to amend the Agreement of Limited Partnership of BUCA Texas, dated August 4, 2000, by deleting "Bankruptcy" and "liquidation" from Section 11.1(c);

FURTHER RESOLVED, that the sole limited partner of BUCA Texas hereby waives the requirement of Section 153.155(4) of the Texas Business Organizations Code and does hereby state its intention for the current sole general partner to not withdraw and remain as the sole general partner during the entirety of the Chapter 11 cases;

**6. General**

FURTHER RESOLVED, that in addition to the specific authorizations previously conferred upon the Authorized Persons, the Authorized Persons are authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge and deliver any and all such agreements, certificates, instruments and other documents as may be necessary, advisable or desirable to fully carry out and accomplish the purposes of this Unanimous Written Consent; and

FURTHER RESOLVED, that any and all past actions heretofore taken by the Authorized Persons in the name and on behalf of the Company in furtherance of any or all of the preceding Unanimous Written Consent be, and the same hereby are, ratified, confirmed, and approved in all respects.

[Signature pages follow]

**IN WITNESS WHEREOF**, the undersigned have executed this consent to be effective on the date first set forth above.

**BUCA C, LLC**

Managers:

DocuSigned by:
Curt Lindeman
BB33585A49384BB...
Curt Lindeman

DocuSigned by:
Chris Williams
2841E9C93105469...
Chris Williams

Being all of the members of the Board of Managers.

Lender Members:

Main Street Capital Corporation,
a member of Buca C, LLC

DocuSigned by:
By: Diego Fernandez
101AD19E0C22457...
Name: Diego Fernandez
Title: Managing Director

MSC Income Fund, Inc.,
a member of Buca C, LLC

DocuSigned by:
By: Diego Fernandez
101AD19E0C22457...
Name: Diego Fernandez
Title: Managing Director

Being all of the Lender Members required to approve of this Unanimous Written Consent.

(*Signatures continue on the next page*)

**BUCA SALES & MARKETING, LLC**

Managers:

DocuSigned by:
Curt Lindeman
BB33585A49384BB...

Curt Lindeman

DocuSigned by:
Chris Williams
2841E9C93105469...

Chris Williams

Being all of the managers.

**BUCA Investments, Inc.**

Board:

DocuSigned by:
Curt Lindeman
BB33585A49384BB...

Curt Lindeman

DocuSigned by:
Chris Williams
2841E9C93105469...

Chris Williams

Being all of the members of the Board of Directors.

**BUCA Investments, Inc.**

Board:

DocuSigned by:
Curt Lindeman
BB33585A49384BB...

Curt Lindeman

DocuSigned by:
Chris Williams
2841E9C93105469...

Chris Williams

Being all of the members of the Board of Directors.

(*Signatures continue on the next page*)

**BUCA Restaurants, Inc.**

Board:

DocuSigned by:
Curt Lindeman
BB33585A49384BB...

Curt Lindeman

DocuSigned by:
Chris Williams
2841E9C93105469...

Chris Williams

Being all of the members of the Board of Directors.

**BUCA Restaurants 2, Inc.**

Board:

DocuSigned by:
Curt Lindeman
BB33585A49384BB...

Curt Lindeman

DocuSigned by:
Chris Williams
2841E9C93105469...

Chris Williams

Being all of the members of the Board of Directors.

(*Signatures continue on the next page*)

**BUCA Texas Restaurants, L.P.**

General Partner:

BUCA Restaurants, Inc.,
a Minnesota corporation

DocuSigned by:
By: William Snyder
F700F6B2780B4C0...
Name: William Snyder
Title: Chief Restructuring Officer

Being the sole general partner.

Limited Partner:

BUCA Investments, Inc.,
a Minnesota corporation

DocuSigned by:
By: William Snyder
F700F6B2780B4C0...
Name: William Snyder
Title: Chief Restructuring Officer

Being the sole limited partner.

**BUCA Texas Beverage, Inc.**

Board:

DocuSigned by:
Curt Lindeman
BB33585A49384BB...
Curt Lindeman

DocuSigned by:
Chris Williams
2841E9C93105469...
Chris Williams

Being all of the members of the Board of Directors.

(*Signatures continue on the next page*)

**BUCA (CELEBRATION), LLC**

Managers:

DocuSigned by:
Curt Lindeman
BB33585A49384BB...

Curt Lindeman

DocuSigned by:
Chris Williams
2841E9C93105469...

Chris Williams

Being all of the managers.

**BUCA (EX), LLC**

Managing Member:

BUCA Restaurants 2, Inc.,
a Minnesota corporation

By: DocuSigned by: William Snyder F700F6B2780B4C0...
Name: William Snyder
Title: Chief Restructuring Officer

Being the sole managing member.

**BUCA (Minneapolis), Inc.**

Board:

DocuSigned by:
Curt Lindeman
BB33585A49384BB...

Curt Lindeman

DocuSigned by:
Chris Williams
2841E9C93105469...

Chris Williams

Being all of the members of the Board of Directors.

# EXHIBIT A

BUCA C, LLC, a Florida limited liability company

BUCA Texas Restaurants, L.P., a Texas limited partnership

BUCA Texas, Beverage, Inc., a Texas corporation

BUCA SALES & MARKETING, LLC, a Florida limited liability company

BUCA Investments, Inc., a Minnesota corporation

BUCA Restaurants, Inc., a Minnesota corporation

BUCA Restaurants 2, Inc., a Minnesota corporation

BUCA (CELEBRATION), LLC, a Florida limited liability company

BUCA (EX), LLC, a Florida limited liability company

BUCA (Minneapolis), Inc., a Minnesota corporation

Amber M. Carson (TX Bar No. 24075610)
Jason S. Brookner (TX Bar No. 24033684)
Micheal W. Bishop (TX Bar No. 02354860)
Emily F. Shanks (TX Bar No. 24110350)
**GRAY REED**
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone: (214) 954-4135
Facsimile: (214) 953-1332
Email: acarson@grayreed.com
jbrookner@grayreed.com
mbishop@grayreed.com
eshanks@grayreed.com

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| BUCA RESTAURANTS, INC.[1] | § | Case No. 24-[●] |
| Debtors. | § | (Joint Administration Requested) |

**LIST OF EQUITY SECURITY HOLDERS[2]**

Pursuant to rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following is a list of holders of equity securities of the above-captioned debtor.

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| BUCA C, LLC | 4700 Millenia Boulevard, Suite 400, Orlando, FL 32839 | 100% |

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtors' federal tax identification number are as follows: BUCA Texas Restaurants, L.P. (3262); BUCA Texas Beverage, Inc. (3995); BUCA C, LLC (8220); BUCA Sales & Marketing, LLC (4258); BUCA Investments, Inc. (5575); BUCA Restaurants, Inc. (9725); BUCA Restaurants 2, Inc. (2187); BUCA (Celebration), LLC (3412); BUCA (Ex), LLC (3092); BUCA (Minneapolis), Inc. (2474). The Debtors' principal offices are located at 4700 Millenia Boulevard, Suite 400, Orlando, Florida 32839.

[2] This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

Amber M. Carson (TX Bar No. 24075610)
Jason S. Brookner (TX Bar No. 24033684)
Micheal W. Bishop (TX Bar No. 02354860)
Emily F. Shanks (TX Bar No. 24110350)
**GRAY REED**
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone: (214) 954-4135
Facsimile: (214) 953-1332
Email: acarson@grayreed.com
jbrookner@grayreed.com
mbishop@grayreed.com
eshanks@grayreed.com

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| BUCA RESTAURANTS, INC.[1] | § | Case No. 24-[●] |
| Debtors. | § | (Joint Administration Requested) |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest.

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| BUCA C, LLC | 100% |

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtors' federal tax identification number are as follows: BUCA Texas Restaurants, L.P. (3262); BUCA Texas Beverage, Inc. (3995); BUCA C, LLC (8220); BUCA Sales & Marketing, LLC (4258); BUCA Investments, Inc. (5575); BUCA Restaurants, Inc. (9725); BUCA Restaurants 2, Inc. (2187); BUCA (Celebration), LLC (3412); BUCA (Ex), LLC (3092); BUCA (Minneapolis), Inc. (2474). The Debtors' principal offices are located at 4700 Millenia Boulevard, Suite 400, Orlando, Florida 32839.

**Fill in this information to identify the case:**

Debtor name BUCA Texas Restaurants, L.P.

United States Bankruptcy Court for the: Northern District of Texas (State)

Case number (If known): ____________

☐ Check if this is an amended filing

Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

**A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | **Sysco**<br>1390 Enclave Parkway<br>Houston, TX 77077-2099 | c/o Legal Department<br>P: 281-584-1390<br>customer@sysco.com | Food provider | | | | $6,856,050.01 |
| 2 | **Edward Don**<br>2562 Paysphere Circle<br>Chicago, IL 60674 | Attn: CEO or General Counsel<br>P: 800-777-4366<br>webmaster@don.com | Small ware, packaging provider | | | | $2,356,109.14 |
| 3 | **Country Club Plaza KC Partners LLC**<br>4706 Broadway<br>Kansas City, MI 64112 | Attn: CEO or General Counsel<br>P: 816-753-0100<br>info@countryclubplaza.com | Landlord | | | | $609,750.74 |
| 4 | **AFA Protective Systems Inc**<br>155 Michael Dr<br>Syasset, NY 11791 | Attn: CEO or General Counsel<br>P: 781-848-6200<br>F: 781-380-3694<br>national@afap.com | Fire alarm / safety | | | | $393,196.95 |
| 5 | **Brinks Inc**<br>7373 Solutions Center<br>CHICAGO, IL 60677-7003 | Attn: CEO or General Counsel<br>P: 804-289-9600<br>csc-dfw@brinksinc.com | Armored car service | | | | $382,694.28 |
| 6 | **KRE YTC Venture LLC**<br>26074 Network Place<br>CHICAGO, IL 60673-1260 | Attn: CEO or General Counsel | Landlord | | | | $340,671.81 |
| 7 | **CH Robinson Worldwide Inc**<br>14701 Charlson Rd<br>Eden Prairie, MN 55347 | Attn: CEO or General Counsel<br>P: 952-683-2800 | Produce provider (PACA Claim) | | | | $284,358.37 |
| 8 | **Hansen Foodservice**<br>96-1282 Wiahona St<br>Pearl City, HI 96782 | Attn: CEO or General Counsel<br>P: 808-456-3334<br>F: 808-455-5666 | Hawaii Food provider | | | | $282,661.33 |

Debtor BUCA Texas Restaurants, L.P.
Name

Case number (*if known*)______________________

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | **ARA Properties Op P'Shp**<br>ID 065629065630 Dept 880044<br>USRP Funding 2001-ALP<br>Phoenix, AZ 85038-9650 | Attn: CEO or General Counsel | Landlord | | | | $248,333.36 |
| 10 | **7979 Center LLC**<br>60 West Cochran Street<br>Simi Valley, CA 93065 | Attn: Leo Shahinian<br>P: 805-823-8388 | Landlord | | | | $241,401.76 |
| 11 | **EEC Acqusition, LLC**<br>PO Box 74008980<br>CHICAGO, IL 60674-8980 | Attn: CEO or General Counsel<br>P: 888-887-1675<br>M&A@Smartcaresolutions.com | Landlord | | | | $233,154.20 |
| 12 | **First Exquisite Homes L.L.C**<br>3404 N Narcissus Ave<br>Broken Arrow, OK 74012 | Attn: CEO or General Counsel<br>P: 206-653-6688 | Landlord | | | | $229,640.81 |
| 13 | **Nationwide Realty Investors**<br>375 North Front St<br>Suite 200<br>Columbus, OH 43215 | Attn: CEO or General Counsel<br>P: 614-857-2330 | Landlord | | | | $227,432.96 |
| 14 | **Ecolab**<br>6233 W 65Th St<br>Chicago, IL 60638 | Attn: CEO or General Counsel<br>P: 708-496-5064<br>F: 708-496-5007 | Dish machine, cleaning supplies, pest control | | | | $224,688.58 |
| 15 | **44 Platt Brothers LLC**<br>29 Pheasant Ridge Drive<br>Loudonville, NY 12211 | Attn: Jeffrey M. Platt, Member<br>pdamin@lemerygreisler.com | Landlord | | | | $210,849.16 |
| 16 | **Valpak Direct Marketing Systems**<br>1 Valpak Ave North<br>St Petersburg, FL 33716 | Attn: CEO or General Counsel<br>P: 800-661-0967 | Mailer/advertising | | | | $195,333.50 |
| 17 | **Ben Hur Celebration LLC**<br>2400 US Highway 1<br>North Brunswick, NJ 08902 | Attn: CEO or General Counsel | Landlord | | | | $175,584.53 |
| 18 | **Cashman and Hobbes LLC**<br>680 Ridgecrest Rd<br>Canyon, CA 94516 | Attn: CEO or General Counsel | Landlord | | | | $172,890.58 |
| 19 | **Pavillion Holdings LLC**<br>3131 E Camelback Road<br>Suite 310<br>Phoenix, AZ 85016 | Attn: Tom Tait<br>P: 602-330-0148<br>laurie@taitdevelopment.com;<br>lindsi@theburgesslawgroup.com | Landlord | | | | $160,808.78 |
| 20 | **Johnson Controls US Holdings LLC**<br>5757 N. Green Bay Ave.<br>PO Box 591<br>Milwaukee, WI 53201 | Attn: John Donofrio<br>P: 877-862-0697; 866-496-1999 | Fire protection, security, and HVAC controls | | | | $154,922.55 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 | **City Investors XXX LLC**<br>505 Fifth Avenue S., Suite 900<br>Seattle, WA 98104 | Attn: Chief Real Estate Officer<br>P: 206-342-2025<br>Info@VulcanRealEstate.com | Landlord | | | | $154,122.78 |
| 22 | **Forest City Bessemer Court**<br>1700 3rd Ave North<br>Bessemer, AL 35020 | Attn: CEO or General Counsel<br>P: 205-424-4060 | Landlord | | | | $151,735.10 |
| 23 | **Blau Family LLC**<br>3982 Archdale Rd<br>Encino, CA 91436 | Attn: Carl Blau<br>P: 818-886-6848 | Landlord | | | | $151,518.28 |
| 24 | **Maitland is My Land II LLC**<br>4941 Southwest 38th Way<br>Fort Lauderdale, FL 33312 | c/o Adam J Tiktin<br>P: 786-522-7039 | Landlord | | | | $144,727.79 |
| 25 | **New Castle Corporation**<br>641 Danbury Rd<br>Ridgefield, CT 06877 | Attn: CEO or General Counsel<br>P: 203-925-8370 | Landlord | | | | $143,897.43 |
| 26 | **Republic Services Inc**<br>18500 N Allied Way<br>Phoenix, AZ 85054-6164 | Attn: Corporate Customer Experience<br>P: 480-627-2700<br>corporateoffice@republicservices.com | Trash services | | | | $143,316.86 |
| 27 | **Chandler's Air Conditioning & Refrigeration**<br>1702 W Fifth Street<br>Santa Ana, CA 92703-2899 | Attn: Adelphia Inc<br>P: 714-973-1771; 310-323-2665<br>info@chandlersair.net | Air conditioning & refrigeration | | | | $134,383.50 |
| 28 | **Windstream Holdings Inc**<br>208 E Center St<br>Sheridan, AR 72150 | Attn: CEO or General Counsel<br>P: 800-501-1776; 501-748-6250; 501-748-5342<br>F: 330-487-2738<br>brandi.stafford@windstream.com; scott.l.morris@windstream.com | Internet/Wifi - All locations | | | | $128,394.88 |
| 29 | **BH 15350 S 94th Avenue LLC**<br>4700 Millenia Blvd<br>Suite 400<br>Orlando, FL 32839 | Attn: CEO or General Counsel<br>P: 708-349-6262<br>privacy@bucainc.com | Landlord | | | | $126,237.54 |
| 30 | **Silver State Refrigeration and HVAC LLC**<br>4535 Copper Sage St<br>Las Vegas, NV 89115 | Attn: Brian Peterson<br>P: 725-213-7309 | Refrigeration and HVAC maintenance | | | | $124,452.71 |

| Fill in this information to identify the case: |
|---|
| Debtor name: BUCA Restaurants, Inc. |
| United States Bankruptcy Court for the: Northern District of Texas |
| Case number: 24-XXXXX |

☐ **Check if this is an amended filing**

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

**I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.**

**I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:**

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ________________
- ☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☑ Other document that requires a declaration: List of Equity Security Holders and Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

8/4/2024
Executed on

/s/ William Snyder
Signature of individual signing on behalf of debtor

William Snyder
Printed name

Chief Restructuring Officer
Position or relationship to debtor